# IN THE COURT OF APPEALS OF IOWA

No. 18-0814
Filed October 10, 2018

**IN THE INTEREST OF B.C. and A.C.,**
**Minor Children,**

**A.O., Mother,**
        Appellant,

**C.C., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld,

District Associate Judge.

The mother and father separately appeal the termination of their parental

rights.  **AFFIRMED ON BOTH APPEALS.**

Amy R. Dollash of the State Public Defender's Office, Cedar Rapids, for

appellant mother.

John J. Bishop, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, and John B. McCormally, Assistant

Attorney General, for appellee State.

Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, guardian ad

litem for minor children.

Considered by Vaitheswaran, P.J., Doyle, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**CARR, Senior Judge.**

The mother and father separately appeal the termination of their parental rights to their son B.C. and their daughter A.C. The mother argues the statutory grounds for termination are not met, the best interests of the children and her parent-child bond preclude termination, and she should receive additional time to pursue reunification. The father argues his parent-child bond precludes termination.[1] We agree with the district court and affirm.

B.C. and A.C. were born in September 2015 and April 2017, respectively. On May 11, 2017, the family came to the attention of the Iowa Department of Human Services (DHS) following a medical appointment. During the appointment, the mother described fantasies of shaking A.C. to death and choking B.C. until he turned blue. The father also became physically aggressive in the lobby and said he can beat his children if he wants. The children were removed from the parents at that time. On May 18, the children were adjudicated as children in need of assistance (CINA).

During a semi-supervised visit on September 21, 2017, the father became violent with the mother. As a result of the incident, the father went to jail for about two months and eventually pled guilty to assault causing bodily injury. The mother and father ended their relationship after the incident. At the time of the termination hearing, each parent was allowed separate, fully-supervised visits.

The mother has been diagnosed with depression, bipolar disorder, and post-traumatic stress disorder. She began taking her current medications in mid-

---

[1] The father only argues his parent-child bond precludes termination. He has waived any other arguments on appeal.

March 2018. She testified she has previously stopped taking her medications because of the cost and because she has felt like she has "been a test dummy for antidepressants." At the time of the termination hearing, she temporarily lived in the home of the children's aunt, and she had worked for a temp agency for about a month with the hope of being hired permanently.

The father has been diagnosed with schizoaffective disorder and anxiety. He testified he has been consistently taking his medications since January 2018, although the guardian ad litem doubted he had been taking medications consistently. The father acknowledged he has previously stopped taking medications when he did not believe they helped. During the termination hearing, he said he was temporarily living with unspecified friends and he worked odd jobs while pursuing regular employment with a temp-to-hire business.

On January 22, 2018, the State petitioned to terminate the parental rights of the mother and father. On April 2, the court held a termination hearing. On May 2, the court terminated both parents' rights to both children under Iowa Code section 232.116(1)(h) (2018). Both parents separately appeal.

We review termination proceedings de novo, giving weight to but not being bound by the district court's factual findings. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "There must be clear and convincing evidence of the grounds for termination of parental rights." *Id.* Our primary consideration is the best interests of the children. *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012).

First, the mother argues the statutory grounds for termination were not satisfied. The court may terminate a parent's rights under Iowa Code section 232.116(1)(h) when the court finds all of the following have occurred:

     (1) The child is three years of age or younger.
     (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
     (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
     (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

It is undisputed both B.C. and A.C. are less than three years old, have been adjudicated CINA, and have been removed from the parents' custody for at least six of the last twelve months. Iowa Code § 232.116(1)(h)(1)–(3). The remaining question is whether the children could be returned to the mother's care at the time of the termination hearing. *Id.* § 232.116(1)(h)(4); *see In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014) (indicating the statutory language "at the present time" refers to the termination hearing).

The children were removed from the mother's custody eleven months prior to the termination hearing. The mother struggled with her mental health throughout the removal period, having only resumed a consistent medication plan a couple weeks before the hearing. Housing was also an issue throughout removal, and she did not have permanent housing at the time of the termination hearing. She had occasionally participated in semi-supervised visits at times, but she had regressed to fully-supervised visits at the time of the hearing. While the mother made efforts to address the issues leading to removal, the State presented clear and convincing evidence B.C. and A.C. could not be returned to her care at the time of the termination hearing. Accordingly, we agree the statutory grounds for

termination were proven by clear and convincing evidence under Iowa Code section 232.116(1)(h).

Second, the mother argues termination of her parental rights is not in the best interests of the children. When a statutory ground for termination is established, the court must also decide if termination is in the best interests of the child. Iowa Code § 232.116(2). As explained above, the mother is still attempting to address her mental-health issues, she lacks permanent housing, and her employment future is uncertain. Therefore, we find termination of her parental rights is in the children's best interests.[2]

Third, both the mother and the father argue their bond with the children precludes termination. Even if the statutory best-interests framework supports termination of parental rights, the "court need not terminate the relationship between the parent and the child" if it finds "the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." *Id.* § 232.116(3)(c). Both children are bonded with the parents and interact well during visits. However, the children had been removed from the parents for about eleven months at the time of the termination hearing. This time represents about one-third of B.C.'s life and almost all of A.C.'s life. The service providers testified the young children interact well with many people. As explained above, the mother

---

[2] The mother also claims DHS did not provide enough services to help return the children to her care. While DHS is obligated to make reasonable efforts to return the child, it is the parent's responsibility to demand other, different, or additional services in order to preserve error. *In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999). DHS offered numerous services to the mother, and the record does not show she challenged the reasonableness of the services or requested any other specific services prior to the termination hearing. Therefore, to the extent she argues DHS did not provide reasonable services for reunification, she has not preserved error.

continues to have issues with her mental health, housing, and employment. The father has similar issues: he admitted to occasionally choosing not to take his medication, he was vague about his housing at the hearing, and he lacked regular employment. Additionally, the father pled guilty to assaulting the mother during a visit a little more than six months prior to the termination hearing. Therefore, we find the bond between the children and both the mother and the father does not preclude termination.

Fourth, the mother requests additional time to pursue reunification. Under Iowa Code section 232.104(2)(b), a court may authorize a six-month extension of time if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Removal here was due to the mother's issues with mental health, housing, and employment. The removal occurred about eleven months prior to the termination hearing. While the mother has made efforts to address her issues, actual improvement on these issues during the removal period has been insufficient. Accordingly, the record does not support a finding that the need for removal will no longer exist in six months, and the district court was correct in denying the same. *See In re D.S.*, 806 N.W.2d 458, 474 (Iowa Ct. App. 2011) ("We will not gamble with a child's future by asking him to continuously wait for a stable biological parent, particularly at such a tender age.").

**AFFIRMED ON BOTH APPEALS.**